UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC TALLAKSEN,

Plaintiff,

v.

ALEXANDER SMITH; ESTEBAN HERNANDEZ,

Defendants.

Case No.:  25-cv-1073-W-DDL

**ORDER GRANTING MOTIONS TO COMPEL**

**[Dkt. No. 41]**

**I.**

**<u>INTRODUCTION</u>**

Before the Court are Plaintiff's motions to compel and motion for sanctions.  Dkt. No. 41.  Plaintiff seeks to compel the production of memoranda of direction ("MOD") and to compel Defendant Smith to answer questions for which the attorney-client privilege was invoked during his initial deposition.  Additionally, Plaintiff seeks sanctions against both Defendant Smith and defense counsel under Federal Rule of Civil Procedure 37.

On April 28, 2026, the Court held a motion hearing. For reasons stated at the April 28 hearing and explained below, the Court **GRANTS** the motions to compel.

/ / /

/ / /

## II.

## DISCUSSION

**A.    Motion to Compel Production of MODs**

Plaintiff moves to compel production of Defendant Smith's MODs as disciplinary records responsive to Plaintiff's Request for Production No. 18, seeking "[a]ll YOUR disciplinary records." Dkt. No. 41 at 13. Defendant Smith argues that MODs are not disciplinary records because they are "remedial or counseling in nature" and are not appealable to the California State Personnel Board. Dkt. No. 42 at 2-3. However, the two MODs provided for *in camera* review dated August 29, 2023 and July 26, 2024 are clearly disciplinary in nature, as that term is commonly understood, particularly since they require remedial action by Defendant Smith. Moreover, during Defendant Smith's deposition, when asked whether he had been disciplined before, he answered affirmatively and described five MODs which he had received throughout his employment with the California Highway Patrol. Dkt. No. 41-3 at 23-40. As such, the Court finds the two MODs are disciplinary records within the scope of Plaintiff's Request for Production No. 18.

At the April 28 hearing, defense counsel argued that the two existing MODs need not be produced because Defendant Smith testified to their contents at his deposition. This argument is unpersuasive as the Court is aware of no authority supporting the proposition that a document responsive to a request for production need not be produced if a deponent is willing to testify to its contents.

Plaintiff's motion to compel production of the MODs is granted. Defendant Smith shall produce all existing MODs **by not later than May 4, 2026**. The record indicates that three additional MODs pertaining to Defendant Smith have been destroyed pursuant to the California Highway Patrol's three-year retention policy; however, it is unclear whether any of those MODs were destroyed while this litigation was pending. Accordingly, **by not later than May 7, 2026**, defense counsel shall file a supplemental pleading describing the

existence of any additional MODs pertaining to Defendant Smith, including the date that any such MODs were destroyed.

**B.      Motion to Compel Answers to Deposition Questions**

Defense counsel instructed Defendant Smith not to answer multiple deposition questions on the basis of attorney-client privilege.  Plaintiff contends the questions – which sought information about Defendant Smith's responses to Requests for Admission and Requests for Production – do not require Defendant Smith to divulge confidential attorney-client communications.  For example, when Plaintiff asked Defendant Smith whether he had reviewed the files produced in response to RFP No. 5, defense counsel objected, stating "I'm invoking the attorney-client privilege for this entire line of questioning."  Dkt. 41-3 at 73-75.  Defendant Smith followed counsel's instruction not to answer.  *Id.*  Similarly, defense counsel objected and instructed Defendant Smith not to answer questions regarding his responses to RFA Nos. 4-6, RFA No. 16, RFA No. 19, and RFP No. 17.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." *Id.*  For the reasons discussed at the April 28 hearing, the Court finds that, on the record before it, Defendant Smith has failed to meet this burden, as he has not demonstrated how answering Plaintiff's questions would require him to disclose any confidential communications protected by the privilege.

The Court **GRANTS** Plaintiff's motion to compel.  Defendant Smith shall appear for a further deposition that is limited to the questions for which the privilege was asserted and reasonable follow-up questions.  The total time for all sessions of Defendant Smith's deposition shall not exceed seven hours.  The deposition shall be held in person **on May 6, 2026, at 9:00 a.m.** at Plaintiff's counsel's office.  Defendant Smith shall bear the costs for the further deposition.

/ / /

25-cv-1073-W-DDL

**C.** **Motion for Sanctions**

Plaintiff requests that the Court impose sanctions on both Defendant Smith and defense counsel pursuant to Federal Rule of Civil Procedure 37(a)(5).  Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, "the court must…require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant made a good faith attempt to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or an award of expenses would be unjust.  Fed. R. Civ. P. 37(a)(5)(A). Additionally, Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

At the April 28 motion hearing, defense counsel agreed that Defendants would bear the costs of the further deposition.  The Court finds this to be an appropriate remedy and will address the issue of whether fee-shifting is required under Rule 37(a)(5)(A) in a later order.

**III.**

**CONCLUSION**

For the reasons stated on the record at the April 28 hearing and explained above, the Court **GRANTS** the motions to compel disciplinary records and a further deposition of Defendant Smith.

**IT IS SO ORDERED.**

Dated:  April 30, 2026

_____
Hon. David D. Leshner
United States Magistrate Judge