

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERIC TALLAKSEN,

                                    Plaintiff,

v.

ALEXANDER SMITH; ESTEBAN HERNANDEZ,

                                    Defendants.

Case No.:  25-cv-1073-W-DDL

**ORDER RE EXPENSES UNDER FED. R. CIV. P. 37(a)(5)(A)**

**I.**

**<u>INTRODUCTION</u>**

On April 30, 2026, the Court granted Plaintiff's motions to compel the production of documents and to compel Defendant Smith to answer deposition questions that he was instructed not to answer on privilege grounds.  Dkt. No. 46.  This Order addresses Plaintiff's request for payment of attorney's fees incurred bringing the motions to compel. *See* Fed. R. Civ. P. 37(a)(5).

**II.**

**<u>DISCUSSION</u>**

Where a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order such payment where the movant failed to make a good faith effort to obtain the discovery before filing the motion, the opposing party's objection was substantially justified, or "other circumstances make an award of expenses unjust." *Id.* A position is substantially justified when "the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016) (*citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The party facing an award of expenses bears the burden of establishing substantial justification." *Eisenberg v. Marriott Int'l, Inc.*, No. 2:25-CV-00208-RFB-NJK, 2026 WL 772447, at *3 (D. Nev. Mar. 18, 2026).

At issue here is whether Defendant Smith was substantially justified in (1) declining to produce two "memoranda of direction" in response to Plaintiff's request for production ("RFP") seeking "disciplinary records" and (2) invoking the attorney-client privilege in response to deposition questions regarding his written discovery responses. The Court concludes Defendant Smith has demonstrated substantial justification for his response to Plaintiff's request for production seeking disciplinary records but not with respect to his invocation of the attorney-client privilege.

**A.      <u>Failure to Produce Memoranda of Direction</u>**

Plaintiff's Request for Production No. 18 sought "[a]ll your disciplinary records." Dkt. No. 41-1 at 3. Defendant Smith responded by objecting and then asserting he did not possess responsive documents. *Id.* at 4. However, Defendant Smith subsequently testified that he had been disciplined for violating "various policies." Dkt. No. 41 at 5. Those events are reflected in three "memorandum of direction" documents dated August 29, 2023, July 6, 2024 and July 26, 2024, that the Court reviewed *in camera*. These memoranda describe patrol car crashes and an incident involving an encounter with a civilian, direct Defendant Smith to undergo remedial training and warn that similar conduct may result in "Adverse Action" against him.

/ / /

In response to Plaintiff's motion to compel production of the memoranda of direction, defense counsel argued that the memoranda are not disciplinary records – and thus not within the scope of Plaintiff's RFP No. 18 – because they are "remedial or counseling in nature" and are not appealable to the California State Personnel Board. Dkt. No. 42 at 2-3. "[T]he language of discovery requests should not be read or interpreted in an artificially restrictive or hyper-technical manner to avoid disclosure of information fairly covered by the discovery request." *O.H. v. Secret Harbor*, No. 2:23-CV-60, 2024 WL 310281, at *3 (W.D. Wash. Jan. 26, 2024) (citing Fed. R. Civ. P. 37, Advisory Committee Note (1993 Amendments)). Defense counsel's argument that the memoranda of direction do not constitute disciplinary records toes the line of an artificially restrictive or hyper-technical reading of Plaintiff's request for disciplinary records. Indeed, Defendant Smith's deposition testimony reflects his common sense understanding that he was disciplined for the events reflected in the memoranda.

The better practice would have been for defense counsel to acknowledge the existence of the memoranda to Plaintiff's counsel and articulate the position taken in the motion that the memoranda did not constitute disciplinary records. At least then Plaintiff's counsel would not have learned about the memoranda for the first time at Defendant Smith's deposition. However, having considered defense counsel's justification for taking the position that memoranda of direction do not constitute "disciplinary records," the Court finds Defendant Smith's discovery response was substantially justified.

**B.    Invocation of Attorney-Client Privilege**

Defendant Smith has not established that his counsel's assertions of attorney-client privilege in response to deposition questions about responses to Requests for Admission and Requests for Production were substantially justified. As explained at the motion hearing and in the April 30 Order, the deposition questions did not require Defendant Smith to divulge confidential attorney-client information. For example, when Plaintiff's counsel asked Defendant Smith whether he had reviewed the documents produced in response to RFP No. 5, defense counsel asserted a blanket objection and instruction not to answer: "I'm

invoking the attorney-client privilege for this entire line of questioning."  Dkt. 41-3 at 73-75.  But asking Defendant Smith about the documents he reviewed did not, on its face, require him to divulge privileged communications with his counsel.  And by asserting the privilege as to the entire line of questioning, defense counsel prevented Plaintiff from asking questions seeking non-privileged information.

In response to Plaintiff's motion to compel, Defendant Smith argued that he properly declined to answer deposition questions because his written discovery responses "were prepared by counsel in consultation with Ofc. Smith" and "[t]o inquire  into Ofc. Smith's state of mind when he verified the RFAs, RFP no. 5, and amended RFP no. 17 would consequently reveal substance and nature of communications between attorney and client." Dkt. No. 43 at 5.  This argument is inconsistent with the precept that the attorney-client privilege does not "create a broad zone of silence over the subject matter of the [attorney-client] communication."  *Murdoch v. Castro*, 609 F.3d 983, 995 (9th Cir. 2010).  The privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."  *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1493 (9th Cir. 1989).   Thus, the facts underlying confidential attorney-client communications are the proper subject of discovery, "so long as the underlying facts can be proven without resort to the privileged materials."  *Murdoch*, 609 F.3d at 995.  Defendant's argument that counsel's participation in the drafting of discovery responses thereby precluded Plaintiff's counsel from asking any deposition questions about those discovery responses is inconsistent with the longstanding rule that the attorney-client privilege protects communications, not underlying facts.

The Court concludes Defendant Smith has not established that his refusal to answer deposition questions on privilege grounds was substantially justified and that Rule 37(a)(5)(A) requires payment of Plaintiff's expenses in bringing the motion to compel. Given that Defendant Smith followed his counsel's instruction not to answer the questions and that counsel sought guidance from his chain of command in the Attorney General's

Office with respect to the objections, the Court finds that the Attorney General's Office should be responsible for the payment, not Defendant Smith.

**III.**

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court ORDERS as follows:

1.      Pursuant to Rule 37(a)(5)(A), the Attorney General's Office must pay Plaintiff's reasonable expenses incurred in moving to compel Defendant Smith to answer deposition questions.

2.      By not later than May 19, 2026, Plaintiff's counsel must file a declaration setting forth the attorney's fees and costs incurred in bringing the motion to compel answers to deposition questions (but not the motion to compel production of the memoranda of direction).

3.      By not later than May 27, 2026, defense counsel must file any response to Plaintiff's counsel's declaration.

**IT IS SO ORDERED.**

Dated:  May 12, 2026

*David Leshner*

_____
Hon. David D. Leshner
United States Magistrate Judge