# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ERIC TALLAKSEN,

Plaintiff,

v.

ALEXANDER SMITH, et al.,

Defendants.

Case No.:  3:25-CV-1073 W (DDL)

**ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE DOCUMENTS UNDER SEAL [DOC. 57]**

Pending before is Plaintiff's unopposed motion to file under seal certain documents cited in Plaintiff's opposition to Defendants' summary-judgment motion. The Court decides the matter on the papers submitted. Civ.L.R. 7.1(d)(1).  For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** the motion [Doc. 57].

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Although access to judicial records is not absolute, there is a "narrow range" of documents that have traditionally been kept

1

secret for policy reasons: "grand jury transcripts and warrant materials in the midst of a preindictment investigation." *Id*. (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The importance of this narrow range is that "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id*. (citing *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

"[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179. The reason is "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id*. (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Id*. (citing *Foltz*, 331 F.3d at 1136). This standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*.  Relying on "a blanket protective order is unreasonable and is not a 'compelling reason' that rebuts the presumption of access." *Id*. at 1183 (citing *Foltz*, 331 F.3d at 1138).

The compelling reasons standard imposes a high threshold on parties seeking to maintain the secrecy of documents attached to dispositive motions. *Kamakana*, 447 F.3d at 1180. The moving party "must articulate compelling reasons supported by specific factual findings [citation] that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id*. at 1178–79 (citations omitted). A broad, categorical approach that "[s]imply mention[s] a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id*. at 1184.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (quoting *Foltz*, 331 F.3d at 1136).

Here, Plaintiff moves to file under seal two exhibits relied on in opposing Defendants' summary-judgment motion. The exhibits are Chapters 1 (Exhibit 12) and 3 (Exhibit 6) to the California Highway Patrol Manual 70.6. (*Motion* [Doc. 57] 2:5–6.) The basis for Plaintiff's request is that Defendants produced the documents during discovery and designated them as "confidential" pursuant to a Stipulated Protective Order [Doc. 16] approved by the magistrate judge. (*Id.* at 2:7–10.) According to the motion, because the documents are designated "confidential," Plaintiff is required to move to file the exhibits under seal pursuant to paragraph 12 of the Stipulated Protective Order. (*Id.* 2:11–15.) However, "Plaintiff does not independently contend that the documents should remain under seal but files this motion solely to comply with the Protective Order. . . ." (*Id.* at 2:1–3.)

As set forth above, relying on a protective order governing discovery does not satisfy the compelling reason standard applicable to a motion to seal filed in connection with a summary-judgment motion. *Kamakana*, 447 F.3d at 1183. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to file Exhibits 6 and 12  under seal [Doc. 57].

If either party believes Exhibits 6 and 12 should be filed under seal, they must file a new motion to seal on or before **July 31, 2026**. The motion to seal must specify the reason for the request, must cite relevant legal authority and, to the extent either party contends disclosure would cause harm, the motion should identify the harm and basis for believing such harm will result. General assertions of the need for confidentiality or harm will not suffice.

If no additional briefing is filed by July 31, 2026, the Court will issue an order placing the exhibits on the public docket.

**IT IS SO ORDERED**.

Dated:  July 16, 2026

_____
Hon. Thomas J. Whelan
United States District Judge