UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TALLAKSEN, Plaintiff, v. ALEXANDER SMITH; ESTEBAN HERNANDEZ, Defendants. | Case No.: 25-cv-1073-W-DDL **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 37(a)(5)(A)** |

**I.**

**<u>INTRODUCTION</u>**

On May 12, 2026, the Court ordered that the Attorney General's Office must pay Plaintiff's reasonable expenses incurred in moving to compel Defendant Smith to answer deposition questions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Dkt. No. 49. The Court now addresses what amount of expenses are reasonable.

**II.**

**<u>BACKGROUND</u>**

During Defendant Smith's deposition, defense counsel objected and instructed Defendant Smith not to answer multiple questions on the basis of attorney-client privilege. In a single motion, Plaintiff (1) moved to compel Defendant Smith to answer questions for which the privilege was improperly invoked and (2) moved to

compel the production of Memoranda of Direction ("MOD"). Dkt. No. 41. Plaintiff also sought sanctions against both Defendant Smith and defense counsel under Federal Rule of Civil Procedure 37. *Id.*

The Court granted both of Plaintiff's motions to compel. Dkt. No. 46. The Court found that Defendant's withholding of the MODs was substantially justified and therefore not subject to fee-shifting under Rule 37(a)(5)(A). Dkt. No. 49 at 3. However, the Court found that Defendant Smith had not established that his refusal to answer deposition questions on privilege grounds was substantially justified. *Id.* at 4. Accordingly, Rule 37(a)(5)(A) required payment of Plaintiff's reasonable expenses in bringing the motion to compel as related to Defendant Smith's privilege invocations. *Id.* The Court determined that the Attorney General's Office should be responsible for the payment rather than individual defense counsel or Defendant Smith. *Id.* at 5. The Court instructed Plaintiff to file a declaration setting forth the attorney's fees and costs incurred in bringing the motion to compel answers to deposition questions, but not the motion to compel production of the MODs. *Id.*

Plaintiff subsequently filed a Motion for Attorney's Fees requesting $29,137 for 31.5 hours of work at an hourly rate of $925. Dkt. No. 50. Plaintiff's motion includes declarations from Plaintiff's counsel; Barrett S. Litt, a civil rights attorney and attorney's fees expert; Julia Yoo, a civil rights attorney; and Grace Jun, a civil rights attorney. *Id.* Plaintiff also filed a table providing an hourly breakdown of the time spent by Plaintiff's counsel on the motion to compel.[1] Dkt. No. 53. For billing entries reflecting work done on both the MOD and privilege issue, Plaintiff discounted the time spent by at least fifty percent. *Id.* at 5.

---

[1] Plaintiff's counsel's hourly breakdown table was omitted from Plaintiff's Motion for Attorneys' Fees. After Defendant pointed out the omission [Dkt. No. 51], Plaintiff promptly filed the table. Dkt. No. 53. Defendant then filed a supplemental response. Dkt. No. 54.

Defendants argue that the Court should decline to award fees for 10.25 hours of attorney time: 0.75 hours for the initial deposition and meet and confer; 0.50 hours preparing for the second deposition on May 6, 2026; and 9.00 hours calling a fee expert and drafting the fee motion. Dkt. No. 54 at 2. Additionally, Defendants argue that no more than half of Plaintiff's claimed hours are reasonable based on Plaintiff's counsel's experience and the nature of the work. *Id.* Defendants do not meaningfully challenge the reasonableness of Plaintiff's counsel's $925 hourly rate. *Id.*

## III.

## LEGAL STANDARDS

When a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to make a good faith effort to obtain the discovery before filing the motion, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court has already found that Defendant Smith's invocation of the attorney-client privilege was not substantially justified and that the Attorney General's Office must pay Plaintiff's reasonable expenses incurred in moving to compel Defendant Smith to answer deposition questions. Dkt. No. 49. The only issue before the Court now is whether Plaintiff's requested fees are reasonable.

Reasonable attorney's fees are determined using the lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).[2] "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* "The district court has a great deal of discretion

[2] All citations, subsequent history, and parallel reporter citations are omitted unless otherwise noted. In direct quotes, all internal quotation marks, brackets, ellipses and footnotes are omitted, and all emphasis is added, unless otherwise noted.

in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

"A party seeking an award of fees should submit evidence supporting the hours worked," which a court may reduce if it finds that any hours were not "reasonably expended." *Rothrock v. Int'l Ass'n of Heat & Frost Insulators & Allied Workers*, No. 15-CV-2412 DMS (JLB), 2016 WL 6395092, at *4 (S.D. Cal. Oct. 27, 2016); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts should exclude from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

A reasonable hourly rate is based on "the prevailing market rates in the relevant community…taking into consideration the experience, skill, and reputation of the attorney." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). "[W]hen determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Rates outside of the forum district are to be used only if local counsel was unavailable. *Id.* "The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Dang*, 422 F.3d at 814. "Once the moving party presents this evidence, the nonmoving party has the burden of rebuttal, which requires the submission of evidence challenging the accuracy and reasonableness of the facts asserted by the moving party in its submitted affidavits." *Rothrock*, 2016 WL 6395092 at *3.

**IV.**

**DISCUSSION**

Following the lodestar method, the Court turns first to the reasonable hourly rate, then to the reasonable number of hours expended.

/ / /

/ / /

**A. Reasonable Hourly Rate**

Plaintiff has the burden of producing sufficient evidence that the requested hourly rate of $925 is "in line with those prevailing in the community," here being the Southern District of California, "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Dang*, 422 F.3d at 813. "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *Camacho*, 523 F.3d at 980 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F. 2d 403, 407 (9th Cir. 1990)). When the Plaintiff does not produce sufficient evidence in support of their fee request, "the Court may 'rely on its own familiarity with the legal market' to determine the reasonable rates of counsel." *Stanz v. Brown*, No. 22-CV-01164-GPC-JLB, 2026 WL 1822988, at *3 (S.D. Cal. June 23, 2026) (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Plaintiff's counsel was a trial attorney with the Federal Defenders of San Diego for twelve years before founding Stitt Vu Trial Lawyers APC in 2022. Dkt. No. 50-1 ("Stitt Decl.") at ¶ 4, 6. He has taken "dozens of cases to verdict and [has] obtained favorable results for clients in trial and appellate courts," and he was recognized by the San Diego Federal Bar Association as the Most Outstanding Advocate in 2022. *Id.* at ¶ 5. Plaintiff's counsel's reputation is bolstered by the declarations of attorneys Julia Yoo and Grace Jun, who attest to his skill as a trial lawyer and advocate for his clients. *See* Dkt. Nos. 50-4, 50-5.

Plaintiff's counsel notes that he is retained for $925 an hour in a different civil rights case in the Southern District (Stitt Decl. at ¶ 10), although the record does not indicate whether the client in that case is actually paying that hourly rate. Plaintiff otherwise relies primarily on the declaration of Barrett S. Litt, a civil rights attorney, who attests that $925 is "a very reasonable rate for attorneys of Mr. Stitt's skill, reputation and expertise" and is "well within the reasonable range of rates for attorneys of similar years of experience litigating complex cases in the major urban centers of California." Dkt. No. 50-2 ("Litt

Decl.") at ¶ 31. In support, Mr. Litt cites over one hundred fee awards, but the vast majority are from courts outside of the Southern District of California. Dkt. No. 50-3. The Court is not persuaded by Mr. Litt's argument that attorney hourly rates in Los Angeles and the Bay Area should be utilized for this San Diego case. After all, "attorneys in the San Diego community charge different [lower] rates than attorneys who practice in our neighbor to the North." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2025 WL 2301940, at *5 (S.D. Cal. Aug. 8, 2025) (declining to adopt hourly rates charged in San Francisco and Los Angeles because relevant forum was San Diego); *Erhart v. BofI Fed. Bank*, No. 15-CV-02287-BAS-NLS, 2023 WL 6382460, at *14 (S.D. Cal. Sept. 28, 2023) (court "assigned reduced weight" to declarations from "Los Angeles-based litigators" and "a partner at a Washington, D.C. firm" in determining "the prevailing rate in the San Diego community"). Moreover, rates outside the forum may be considered only "if local counsel was unavailable," and there is no such showing of unavailability here. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Mr. Litt identifies only three fee awards from the Southern District of California: *Myles v. Cnty. of San Diego by & through San Diego Cnty. Sheriff's Dep't*, No. 315CV01985JAHBLM, 2023 WL 6391481, at *4 (S.D. Cal. Sept. 29, 2023) (finding that a rate of $900 per hour was reasonable for an attorney with fifteen years of experience); *Morey v. Louis Vuitton N. Am., Inc.*, No. 11CV1517 WQH BLM, 2014 WL 109194, at *10 (S.D. Cal. Jan. 9, 2014) (finding that a rate of $500 per hour was reasonable for an attorney with seven years of experience); *Johansson-Dohrmann v. Cbr Sys., Inc.*, 12-CV-1115-MMA BGS, 2013 WL 3864341 (S.D. Cal. July 24, 2013) (finding a rate of $695 was reasonable for an attorney with twenty years of experience). Dkt. No. 50-3. Of these three cases, only *Myles* supports Plaintiff's counsel's requested rate.

A more comprehensive examination of fee decisions in the Southern District shows that $925 is a higher hourly rate than authorized in other cases for attorneys with similar experience to Mr. Stitt. *See, e.g.*, *Adams v. Midland Credit Mgmt., Inc.*, No. 3:25-CV-01205-JAH-DEB, 2026 WL 892826 (S.D. Cal. Mar. 30, 2026) (finding that $325 an hour

was a reasonable rate for a solo practitioner with fourteen years of experience); *Fitzgerald v. Pollard*, No. 20CV848 JM(MSB), 2024 WL 4596401, at *11 (S.D. Cal. Oct. 28, 2024) (in civil rights class action, approving hourly rates of $825 for partners with 35 and 31 years' experience, $775 for senior associates with 22 and 19 years' experience, and $525 for associate with 4 years' experience as "within the range normally charged within this legal community"); *Soler v. Cnty. of San Diego*, No. 14CV2470-MMA (RBB), 2021 WL 2515236 (S.D. Cal. June 18, 2021) (finding that $650 per hour was a reasonable rate for an attorney with twenty-five years of experience); *3D Sys., Inc. v. Wynne*, No. 21-CV-1141-AGS-DDL, 2025 WL 51443 (S.D. Cal. Jan. 7, 2025) (in trade secrets misappropriation action, finding $830 hourly rate for attorneys with 32 and 25 years' experience and $685 hourly rate for attorney with 13 years' experience were reasonable). Finally, neither party cites the Real Rate Report, a national publication analyzing law firm rates that "has been cited with approval by courts inside and outside this district." *Adams*, 2026 WL 892826, at *2 (citation omitted). According to the 2024 Real Rate Report, "the median rate for litigation partners in San Diego is $400/hr." *Id.* at *3.

The recent analysis in *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2025 WL 2301940 (S.D. Cal. Aug. 8, 2025), is particularly instructive. *Dunsmore* is a complex civil rights class action challenging conditions of confinement in the San Diego County jails. *Dunsmore*, 2025 WL 2301940, at *1. Plaintiffs and the County of San Diego settled a cause of action alleging violations of the Americans With Disabilities Act, and the court considered plaintiffs' motion for interim attorneys' fees incurred in pursuing that claim. The court concluded that $900 was a reasonable hourly rate for counsel with 19 years of experience and "expertise in disability access and accommodations and prison litigation," *id.* at *7-8, and that a $750.75 hourly rate was reasonable for an attorney with 16 years of experience. *Id.* at * 8.

Considering all the foregoing information pertaining to the prevailing hourly rates in the Southern District of California, the Court finds that $700 is a reasonable hourly rate for an attorney of Mr. Stiff's experience in this civil rights action.

**B. <u>Reasonable Hours Expended</u>**

Counsel is entitled to the "expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's counsel "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Dunsmore*, 2025 WL 2301940 at *9 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). The hours claimed by Plaintiff's counsel may be reduced by the Court if they are inadequately documented, duplicative, excessive, or otherwise unnecessary. *Id.*

Plaintiff's counsel provided a detailed chart setting forth the time spent on the motion to compel, including the date and task description for each entry. Dkt. No. 53. For time entries that reflected work done on both the motion to compel production of the MOD and the motion to compel a further deposition of Defendant Smith, Plaintiff's counsel reduced the time billed by at least 50%. Dkt. No. 50. For example, on March 30, 2026, Plaintiff's counsel recorded ten hours spent on "draft[ing], edit[ing], and fil[ing] MTC with supporting exhibits," and includes only five of these hours in the fee calculation. Dkt. No. 53 at 1. Counsel similarly reduced the billing entries for raising the discovery dispute, preparing for and attending Court hearings, calling opposing counsel, reviewing Defendant's response in opposition, preparing a reply, and preparing and taking the second deposition of Defendant Smith. The Court finds this 50% reduction for combined entries to be an appropriately conservative approach to approximate the hours spent on the attorney-client privilege issue, especially considering it was the more complex issue of the two and predominated both the pleadings and the hearings.

In total, Plaintiff's counsel reports 31.5 hours for which he seeks fees. Dkt. No. 53. This includes 13.45 hours spent researching and drafting the motion to compel; 3.95 hours spent researching and drafting the reply; 2.35 hours spent preparing for and conducting the second deposition of Defendant Smith; and 9.2 hours spent preparing the attorneys' fees motion. *Id.* The Court finds that the 13.45 hours spent on the motion and 3.95 hours spent on the reply were reasonable. *See Stanz v. Brown*, No. 22-CV-01164-GPC-JLB, 2026 WL 1822988 (S.D. Cal. June 23, 2026) (finding that 22.9 hours spent on a motion to compel

were reasonable); *compare Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding that spending 30.6 hours on a motion to compel was unreasonable, reducing the lodestar to 15 hours).

The Court disagrees with Defendants' position that the 0.75 hours billed for the February 10, 2026 meet and confer regarding the privilege objections is improperly included, as this meet and confer was the first necessary step in bringing the motion to compel in accordance with the undersigned's Chambers Rules. The Court also disagrees with Defendants that Plaintiff's counsel improperly billed 0.6 hours on May 4, 2026, and 0.5 hours on May 6, 2026 to prepare for the second deposition of Defendant Smith, as a total preparation time of 1.1 hours spread over two days is reasonable.

However, the Court agrees with Defendant that the 9.2 hours spent on the attorneys' fees motion were not reasonable. In its May 12, 2026 Order, the Court requested only "a declaration setting forth the attorney's fees and costs incurred in bringing the motion to compel answers to deposition questions." Dkt. No. 49 at 5. Instead, Plaintiff's counsel retained a fee expert, sought declarations from multiple attorneys, and filed a motion of over 180 pages, inclusive of exhibits, the majority of which was inconsequential to the Court's decision. *See Cruz v. Nike Retail Servs., Inc.,* 346 F.R.D. 107, 117 (S.D. Cal. 2024) (declining "to compensate plaintiff for the preparation of an exhibit book that was not requested, and which proved almost totally unnecessary to resolving the issues in the Joint Motion"). Preparing the declaration requested by the Court should have reasonably taken no more than three hours. If Plaintiff determined that a more robust motion was necessary, he should have moved for leave to submit such a motion rather than the single declaration ordered by the Court.

The Court concludes that Plaintiff's counsel reasonably spent 25.3 hours in connection with the successful motion to compel. The lodestar figure (25.3 hours x $700/hour) is $17,710.00. The Court finds this amount to be reasonable without the need for further adjustment.

/ / /

## V.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees [Dkt. No. 50] is **GRANTED IN PART**. The Attorney General's Office must pay Plaintiff's counsel a total of $17,710.00 within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 25, 2026

David Leshner

Hon. David D. Leshner
United States Magistrate Judge